## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **KEVIN CHARLES WHITE,** | : | **Bankruptcy No. 07-24702-MBM** |
| | : | |
| Debtor. | : | **Chapter 7** |
| ................................................. | :................................................................................. | |
| **Wendy Wisler a/k/a Wendy White,** | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | **Related to Doc. No. 18** |
| | : | |
| **Kevin Charles White,** | : | |
| | : | |
| Respondent. | : | |

### <u>MEMORANDUM</u>

**AND NOW,** this **10th day** of **March, 2008**, upon consideration of

(a)    the Motion for Relief [from] Stay and Bankruptcy Discharge, which motion

is filed by Wendy Wisler (hereafter "Wisler"), wherein Wisler essentially

seeks (i) relief from stay so that the Pennsylvania Court of Common

Pleas, Beaver County, may then adjudicate equitable distribution rights

regarding, *inter alia*, real property located at 667 Ridge Road,

Georgetown, PA 15043, and (ii) to have the Chapter 7 discharge of Kevin

White, the instant debtor (hereafter "the Debtor"), either denied (and then

have his bankruptcy case dismissed) or revoked; and

(b)    the response to Wisler's motion by the Debtor, wherein the Debtor (i)

consents to the grant of the stay relief sought by Wisler, (ii) concedes that

there may be certain obligations that are owed to Wisler by the Debtor that

stem from their marriage, and that such obligations are not dischargeable

pursuant to 11 U.S.C. § 523(a)(5) and (a)(15), and (iii) thus consents to

the entry of an order by this Court to the effect, *inter alia*, "that any

domestic support obligation owed by the ... [Debtor] to ... [Wisler] AND any

equitable award of marital/non-marital property determined by the Court of

Common Pleas of Beaver County, Pennsylvania ... [is] non-

dischargeable;"

and after notice and a hearing on Wisler's motion, which hearing was held

on March 6, 2008;

and in light of the following findings of fact, statements of relevant law,

and/or conclusions of law, to wit:

(a)     pursuant to 11 U.S.C. § 362(c)(2)(C), the automatic stay in a bankruptcy

case – provided that such case remains open – is generally terminated

when a Chapter 7 discharge is granted;

(b)     the Debtor has already been granted a Chapter 7 discharge, which

discharge (i) was granted on October 24, 2007, *see* Doc. No. 15, (ii) has

not been rescinded to date even though the Court, by Order dated

October 24, 2007, vacated the entry of the final decree in, and thereby

reopened, the instant bankruptcy case, *see* Doc. No. 19 (the Court did not,

by such October 24, 2007 Order, rescind the grant of the Debtor's Chapter

7 discharge), and (iii) thus remains, and shall remain, effective;

(c)     therefore, the automatic stay in the instant bankruptcy case, as a general

matter, has already terminated;

2

(d)     pursuant to 11 U.S.C. § 362(c)(1), the automatic stay in a bankruptcy case

        as it regards, in particular, acts against property of a debtor's bankruptcy

        estate, terminates when such property ceases to constitute property of

        such estate;

(e)     the Georgetown, PA realty in question no longer constitutes property of

        the Debtor's bankruptcy estate – such realty ceased to constitute such

        estate property when it was abandoned out to the Debtor pursuant to 11

        U.S.C. § 554(c), which abandonment (i) occurred when the Debtor's

        bankruptcy case was initially closed and such realty had not then been

        administered by the Chapter 7 Trustee in such case, and (ii) was not

        negated, reversed, or revoked merely on account of the instant case being

        reopened, *see* In re Woods, 173 F.3d 770, 777 (10th Cir. 1999);

(f)     therefore, the automatic stay in the instant bankruptcy case, as the same

        pertains, in particular, to acts against the Georgetown, PA realty, has also

        already terminated;

(g)     such termination of the automatic stay in the instant bankruptcy case, as

        just set forth, renders moot Wisler's stay relief request at this time (i.e.,

        without a stay that exists and is in place, there is no stay from which to

        grant relief);

(h)     Wisler contends that the Debtor's Chapter 7 discharge should be denied

        or revoked on the ground that the Debtor allegedly committed fraud when

        he entered into an alleged pre-petition contract with Wisler, which contract

        was entered into, if at all, indisputably years prior to the commencement of

3

the instant bankruptcy case;

(i)     such alleged fraud as just described pertains to a matter that – and thus

such alleged fraud itself – is entirely unrelated to, and thus has nothing to

do with, the bankruptcy process in general or, in particular, any of the

grounds for a denial or revocation of a Chapter 7 discharge as set out in

11 U.S.C. § 727(a); and

(j)     such alleged fraud, as a matter of law, consequently cannot constitute a

ground for denial or revocation of the Debtor's Chapter 7 discharge under

11 U.S.C. § 727(a);

**the Court determines that it shall issue an order that grants, in part,
Wisler's motion, and denies with prejudice, in part, the same motion,** as
follows:

(a)     Wisler's motion shall be **DENIED WITH PREJUDICE** to the extent that

Wisler thereby seeks (i) relief from the automatic stay because, as set

forth above, such request is now moot, and (ii) to obtain a denial or

revocation of the Debtor's Chapter 7 discharge because, as set forth

above, Wisler, as a matter of law, lacks a viable basis for obtaining the

same; and

(b)     Wisler's motion shall be **GRANTED to a limited extent** such that any

domestic support obligation owed by the Debtor to Wisler and any

equitable award of marital/non-marital property determined by the Court of

Common Pleas of Beaver County, Pennsylvania is henceforth determined

4

to be non-dischargeable.

The Court shall, upon the entry of the instant Memorandum and
accompanying Order of Court, immediately enter once again, by separate order,
the Final Decree that closes out the instant bankruptcy case.

**BY THE COURT**


   **/s/**
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **KEVIN CHARLES WHITE,** | : | **Bankruptcy No. 07-24702-MBM** |
| | : | |
| Debtor. | : | **Chapter 7** |
| .......................................................................................... | : ........................................................................... | |
| **Wendy Wisler a/k/a Wendy White,** | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | **Related to Doc. No. 18** |
| | : | |
| **Kevin Charles White,** | : | |
| | : | |
| Respondent. | : | |

## ORDER OF COURT

AND NOW, this **10th day** of **March, 2008**, for the reasons set forth in the accompanying Memorandum of same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that the motion of Wendy Wisler is **granted, in part, and denied with prejudice, in part,** as follows:

(a)    Wisler's motion is **DENIED WITH PREJUDICE** to the extent that Wisler thereby seeks (i) relief from the automatic stay because such request is now moot, and (ii) to obtain a denial or revocation of the Debtor's Chapter 7 discharge because Wisler, as a matter of law, lacks a viable basis for obtaining the same; and

(b)    Wisler's motion is **GRANTED to a limited extent** such that any domestic support obligation owed by the Debtor to Wisler and any equitable award of marital/non-marital property determined by the Court of Common Pleas

of Beaver County, Pennsylvania is henceforth determined to be non-

dischargeable.

**BY THE COURT**


 **/s/**
**M. BRUCE McCULLOUGH,**
**U.S. Bankruptcy Judge**

copies to:

Wendy Wisler
667 Ridge Road
Georgetown, PA 15043

Kevin Charles White
1000 Tray Road
Irwin, PA 15642

Brian P. Cavanaugh, Esq.
229 South Maple Avenue
Greensburg, PA 15601

James R. Walsh, Esq.
Spence, Custer, Saylor, Wolfe & Rose
P. O. Box 280
Johnstown, PA 15907